# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT ADAMS, | ) 1:06-cv-01390-AWI-SMS |
| | ) |
|             Plaintiff, | ) ORDER DISMISSING PLAINTIFF'S |
| | ) COMPLAINT WITH LEAVE TO FILE A |
| | ) FIRST AMENDED COMPLAINT NO LATER |
|    v. | ) THAN THIRTY DAYS AFTER THE DATE |
| | ) OF SERVICE OF THIS ORDER (DOC. 1) |
| ALLSTATE INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
|           Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff is a state prisoner housed at the Sierra Conservation Center who is proceeding pro se and in forma pauperis with an action for damages and other relief. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted,

1

1  or seeks monetary relief against a defendant who is immune from

2  such relief. 28 U.S.C. 1915(e)(2).[1]

3      Fed. R. Civ. P. 8(a) provides:

4      A pleading which sets forth a claim for relief,
       whether an original claim, counterclaim, cross-
5      claim, or third-party claim, shall contain
       (1) a short and plain statement of the grounds
6      upon which the court's jurisdiction depends,
       unless the court already has jurisdiction and
7      the claim needs no new grounds of jurisdiction
       to support it, (2) a short and plain statement
8      of the claim showing that the pleader is entitled
       to relief, and (3) a demand for judgment for
9      the relief the pleader seeks. Relief in the
       alternative or of several different types
10     may be demanded.

11 A complaint must contain a short and plain statement as required

12 by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a

13 flexible pleading policy, a complaint must give fair notice and

14 state the elements of the claim plainly and succinctly. Jones v.

15 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

16 Plaintiff must allege with at least some degree of particularity

17 overt acts which the defendants engaged in that support

18 Plaintiff's claim. Id. Although a complaint need not outline all

19 elements of a claim, it must be possible to infer from the

20 allegations that all elements exist and that there is entitlement

21 to relief under some viable legal theory. Walker v. South Cent.

22 Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v.

23 ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

24     In reviewing a complaint under this standard, the Court must

25 accept as true the allegations of the complaint in question,

26

27     [1] The Court will screen the complaint and any amended complaint that is
       filed and will issue an order determining that claims against specific
28     defendants have been stated before the Court will direct that the complaint be
       served on any defendant.

2

1  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
2  (1976), construe the pro se pleadings liberally in the light most
3  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
4  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6      If the Court determines that the complaint fails to state a
7  claim, leave to amend should be granted to the extent that the
8  deficiencies of the complaint can be cured by amendment. Lopez v.
9  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
10 complaint, or a portion thereof, should only be dismissed for
11 failure to state a claim upon which relief may be granted if it
12 appears beyond doubt that the Plaintiff can prove no set of
13 facts, consistent with the allegations, in support of the claim
14 or claims that would entitle him to relief. See Hishon v. King &
15 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
16 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
17 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
18 Dismissal of a pro se complaint for failure to state a claim is
19 proper only where it is obvious that the Plaintiff cannot prevail
20 on the facts that he has alleged and that an opportunity to amend
21 would be futile. Lopez v. Smith, 203 F.3d at 1128.

22     A claim is frivolous if it lacks an arguable basis either in
23 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
24 frivolous claim is based on an inarguable legal conclusion or a
25 fanciful factual allegation. Id. A federal court may dismiss a
26 claim as frivolous if it is based on an indisputably meritless
27 legal theory or if the factual contentions are clearly baseless.
28 Id.

1    The test for malice is a subjective one that requires the
2  Court to determine whether the applicant is proceeding in good
3  faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46
4  (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir.
5  1986). A lack of good faith is most commonly found in repetitive
6  suits filed by plaintiffs who have used the advantage of cost-
7  free filing to file a multiplicity of suits. A complaint may be
8  inferred to be malicious if it suggests an intent to vex the
9  defendants or abuse the judicial process by relitigating claims
10 decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309
11 (D.C.Cir. 1981); if it threatens violence or contains
12 disrespectful references to the Court, <u>id.</u>; or if it contains
13 untrue material allegations of fact or false statements made with
14 knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,
15 741 F.2d 209, 212 (8th Cir. 1984).

16    Plaintiff filed his complaint on a form for complaints
17 brought under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff
18 names the Allstate Insurance Company as the sole defendant.
19 Plaintiff alleges that in November 2005 he purchased a Ford Focus
20 which was covered by an Allstate insurance policy; on the date of
21 purchase he was in a car crash which resulted in damage to his
22 vehicle; the vehicle stayed at a body shop for months because
23 Defendant Allstate refused to honor his claim; ultimately the car
24 was repossessed despite Plaintiff's not being in default on any
25 payments, and Ford then got Allstate to honor a new claim.
26 Plaintiff seeks monetary damages and punitive damages of
27 $3,500,000.00.

28    The Civil Rights Act under which this action was filed

                                  4

1  provides:

2      Every person who, under color of [state law]...
       subjects, or causes to be subjected, any citizen of the
3      United States... to the deprivation of any rights,
       privileges, or immunities secured by the
4      Constitution... shall be liable to the party injured in
       an action at law, suit in equity, or other proper
5      proceeding for redress.

6  42 U.S.C. § 1983. To state a claim pursuant to § 1983, a

7  plaintiff must plead that defendants acted under color of state

8  law at the time the act complained of was committed and that the

9  defendants deprived the plaintiff of rights, privileges, or

10 immunities secured by the Constitution or laws of the United

11 States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.

12 1986).

13     It does not appear that Plaintiff is asserting that any

14 governmental officer or employee deprived Plaintiff of any civil

15 rights while proceeding under color of state law. It appears that

16 Plaintiff is asserting a claim in the nature of a civil

17 contractual claim against a private party.

18     Further, it does not appear that Plaintiff has alleged facts

19 that would show jurisdiction in this Court on any other basis.

20     II. Amendment of Complaint

21     In summary, the Court finds it necessary to dismiss the

22 complaint in its entirety. Plaintiff has failed to state a

23 cognizable claim against the defendants and has failed to plead

24 facts demonstrating jurisdiction in this Court. However, it is

25 possible that Plaintiff can allege a set of facts, consistent

26 with the allegations, in support of the claim or claims that

27 would entitle him to relief. Thus, the Court will grant Plaintiff

28 an opportunity to amend the complaint to cure the deficiencies of

1  this complaint. Failure to cure the deficiencies will result in
2  dismissal of this action without leave to amend.

3      A complaint must contain a short and plain statement as
4  required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules
5  adopt a flexible pleading policy, a complaint must give fair
6  notice and state the elements of the claim plainly and
7  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649
8  (9th Cir. 1984). Plaintiff must allege with at least some degree
9  of particularity overt acts which the defendants engaged in that
10  support Plaintiff's claim. Id.

11      In addition, Plaintiff is informed that the Court cannot
12  refer to a prior pleading in order to make Plaintiff's amended
13  complaint complete. Local Rule 15-220 requires that an amended
14  complaint be complete in itself without reference to any prior
15  pleading. This is because, as a general rule, an amended
16  complaint supersedes the original complaint. See Loux v. Rhay,
17  375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
18  complaint, the original pleading no longer serves any function in
19  the case. Therefore, in an amended complaint, as in an original
20  complaint, each claim and the involvement of each defendant must
21  be sufficiently alleged.

22      Accordingly, it IS ORDERED that:

23      1) Plaintiff's complaint IS DISMISSED with leave to amend;
24  and

25      2) Plaintiff IS GRANTED thirty days from the date of service
26  of this order to file a first amended complaint that complies
27  with the requirements of the pertinent substantive law, the
28  Federal Rules of Civil Procedure, and the Local Rules of

Practice; the amended complaint must bear the docket number
assigned this case and must be labeled "First Amended Complaint";
failure to file an amended complaint in accordance with this
order will be considered to be a failure to comply with an order
of the Court pursuant to Local Rule 11-110 and will result in
dismissal of this action.


IT IS SO ORDERED.

**Dated:    October 31, 2006           _____/s/ Sandra M. Snyder_____**
icido3                                                    UNITED STATES MAGISTRATE JUDGE